No. 24-13294

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

C.B.,

*Plaintiff-Appellant*,

v.

NASEEB INVESTMENTS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court for the
Northern District of Georgia
No. 1:20-cv-4213

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
INTERNATIONAL FRANCHISE ASSOCIATION IN SUPPORT
OF APPELLEE AND AFFIRMANCE**

Julia E. Fine
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
Telephone: 202-879-3635
jfine@jonesday.com

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-230-7902
aclopton@jonesday.com

*Counsel for* Amicus Curiae *International Franchise Association*

No. 24-13294

C.B. v. Naseeb Investments, Inc.

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, 26.1-3, International Franchise Association states that it is a non-profit corporation. It has no parent corporation and no publicly held corporation holds a 10% or greater ownership interest in it. The following is a list of the attorneys, persons, partnerships, and corporations that are known to have an actual or potential interest in the outcome of this appeal. International Franchise Association hereby certifies that Appellant's Certificate of Interested Parties and Appellee's Certificates of Interested Parties did not include the following interested persons, but otherwise are complete.

- Clopton, Andrew J.
- Fine, Julia E.
- International Franchise Association

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), proposed *amicus curiae* International Franchise Association ("IFA") respectfully moves for leave to file the attached brief at Exhibit A in support of Appellee and affirmance.

Even without consent of the parties, "most courts of appeals freely grant leave to file" an amicus brief, "provided the brief is timely and well-reasoned, and adds value or additional analysis or perspectives." FEDERAL APPEALS: JURISDICTION AND PRACTICE § 12:20 (2025 ed.); *see, e.g.*, *Neonatology Assocs., P.A. v. Comm'r of Internal Rev.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (citing the "predominant practice in the courts of appeals" and noting that "our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted"); *Fulton Cnty. Special Purpose Grand Jury v. Graham*, 2022 WL 13682659, at *2 (11th Cir. Oct. 20, 2022) (granting "[a]ll pending motions requesting leave to file an amicus brief").

IFA's motion for leave should be granted. In support of this motion, undersigned counsel for IFA states as follows:

1. IFA is the world's largest membership organization for

1

franchisors, franchisees, and franchise suppliers. IFA seeks to protect and promote franchising by educating lawmakers, the judiciary, and the public, and defending the future of the franchising community.

2.　　IFA has a significant interest in this case, which involves the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). Hundreds of TVPRA decisions—including one resulting in this Court's landmark decision in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)—have arisen in the hospitality-industry context. In these cases, plaintiffs have sued hotel franchisors, franchisees, and other companies, seeking to hold them liable for crimes that actual traffickers allegedly perpetrated in hotel rooms.

3.　　In defense of its interest, IFA has participated as *amicus curiae* in cases involving the TVPRA before the federal courts of appeals, including the *Red Roof Inns* proceedings before this Court.

4.　　In this case, Appellant seeks to evade, or outright challenges, various aspects of this Court's decision in *Red Roof Inns*. Appellant's positions flout the statutory text and, if adopted, will affect TVPRA litigation in the hospitality-industry context to the detriment of hotel franchisors and franchisees.

2

5. Accordingly, IFA respectfully moves to file a brief as *amicus curiae* in support of Appellee and a correct, text-based interpretation of the TVPRA. IFA's brief will be especially helpful to the Court because it will offer perspectives about the course of TVPRA litigation in the lower courts and the impact that these decisions have had on the hospitality industry.

6. Appellant is unopposed to this motion and the filing of IFA's *amicus* brief; Appellee is opposed.

For these reasons, IFA respectfully requests leave to file the attached *amicus* brief in support of Appellee and affirmance.

Dated April 7, 2025                                   Respectfully submitted,

                                                      */s/ Andrew J. Clopton*
Julia E. Fine                                         Andrew J. Clopton
JONES DAY                                             JONES DAY
51 Louisiana Ave. NW                                  150 W. Jefferson, Suite 2100
Washington, DC 20001                                  Detroit, MI 48226-4438
Telephone: 202-879-3635                               Telephone: 313-230-7902
jfine@jonesday.com                                    aclopton@jonesday.com

*Counsel for* Amicus Curiae *International Franchise Association*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word 2024, it contains 478 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f); and (2) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2024 in a 14-point Century Schoolbook font.

Dated: April 7, 2025                         */s/ Andrew J. Clopton*
                                             Andrew J. Clopton

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 7, 2025                    <u>*/s/ Andrew J. Clopton*</u>
                                        Andrew J. Clopton

5