No. 24-13294

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

C.B.,

*Plaintiff-Appellant*,

v.

NASEEB INVESTMENTS, INC.,

*Defendant-Appellee*.

On Appeal from the United States District Court for the
Northern District of Georgia
No. 1:20-cv-4213

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* INTERNATIONAL FRANCHISE ASSOCIATION IN SUPPORT OF APPELLEE AND AFFIRMANCE

Julia E. Fine
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
Telephone: 202-879-3635
jfine@jonesday.com

Andrew J. Clopton
JONES DAY
150 W. Jefferson, Suite 2100
Detroit, MI 48226-4438
Telephone: 313-230-7902
aclopton@jonesday.com

*Counsel for* Amicus Curiae *International Franchise Association*

No. 24-13294

C.B. v. Naseeb Investments, Inc.

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, 26.1-3, International Franchise Association states that it is a non-profit corporation. It has no parent corporation and no publicly held corporation holds a 10% or greater ownership interest in it. International Franchise Association hereby certifies that the Certificate of Interested Parties included in its first filing is complete.

International Franchise Association ("IFA") has moved for leave to file an *amicus curiae* brief in support of affirmance. Appellant has consented to the filing of IFA's brief. Appellee—despite "[]agree[ing] with the analysis" in IFA's brief—opposes leave. Naseeb Response 1.

As IFA has explained, even absent consent, "most courts of appeals freely grant leave to file" an amicus brief that complies with Rule 29's criteria. FEDERAL APPEALS: JURISDICTION AND PRACTICE § 12:20 (2025 ed.); *see, e.g.*, *Neonatology Assocs., P.A. v. Comm'r of Internal Rev.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.); *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021); *Lieberenz v. Wilson*, 2024 WL 2952150, at *5 n.6 (10th Cir. June 12, 2024) (citing *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1176 (10th Cir. 2021)). After all, "[i]f an amicus brief that turns out to be unhelpful is filed, the merits panel … will often be able to make that determination without much trouble." *Neonatology Assocs.*, 293 F.3d at 133. But "if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.*

IFA's motion for leave complies with Rule 29's requirements, *see* Fed. R. App. P. 29(a)(3), and its "briefing is relevant to the disposition of

1

the case," *New Mexico Oncology*, 994 F.3d at 1176. IFA's brief also provides "additional analysis" and an additional "perspective[]." FEDERAL APPEALS § 12:20; *see, e.g.*, IFA Br. 15–17, 18–22, 24–27.[1] IFA has an interest in this appeal because of the effect of TVPRA litigation on the hospitality industry writ large, not just its effect on an individual defendant. Thus, IFA's brief explains how TVPRA litigation has evolved in the lower courts and the impact of erroneous decisions on the entire hospitality industry.

For these reasons, IFA's motion for leave to file an *amicus* brief should be granted.

|  |  |
|---|---|
| Dated April 16, 2025 | Respectfully submitted, |
|  | */s/ Andrew J. Clopton* |
| Julia E. Fine | Andrew J. Clopton |
| JONES DAY | JONES DAY |
| 51 Louisiana Ave. NW | 150 W. Jefferson, Suite 2100 |
| Washington, DC 20001 | Detroit, MI 48226-4438 |
| Telephone: 202-879-3635 | Telephone: 313-230-7902 |
| jfine@jonesday.com | aclopton@jonesday.com |

*Counsel for* Amicus Curiae *International Franchise Association*

---

[1] Indeed, IFA has filed *amicus curiae* briefs in multiple TVPRA cases pending before the federal courts of appeals, including in *Doe #1 v. Red Roof Inns*, 21 F.4th 714 (11th Cir. 2021).

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word 2024, it contains 351 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f); and (2) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2024 in a 14-point Century Schoolbook font.

Dated: April 16, 2025 /s/ *Andrew J. Clopton*
Andrew J. Clopton

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 16, 2025        /s/ *Andrew J. Clopton*
                             Andrew J. Clopton