No. 24-13294

# United States Court of Appeals for the Eleventh Circuit

**C.B.**,

*Plaintiff–Appellant,*

v.

**NASEEB INVESTMENTS, INC.**,

*Defendant–Appellee.*

*On Appeal from the United States District Court for the Northern District of Georgia*
*No. 1-20-cv-4213*

**MOTION FOR LEAVE TO FILE OUT-OF-TIME BRIEF OF AMICI CURIAE A.G. AND G.W. IN SUPPORT OF C.B.**

| | |
|---|---|
| David H. Bouchard<br>Oto U. Ekpo<br>FINCH MCCRANIE LLP<br>229 Peachtree St. NE,<br>Suite 2500<br>Atlanta, GA 30303<br>(404) 658-9070 | Patrick J. McDonough<br><br>Jonathan S. Tonge<br>Rory A. Weeks<br>ANDERSEN, TATE & CARR, P.C.<br>1960 Satellite Blvd., Suite 4000<br>Duluth, GA 30097<br>(770) 822-0900 |
| July 30, 2025 | *Counsel for Amici Curiae* |

No. 24-13294
*C.B. v. Naseeb Investments, Inc.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

These people and entities have an interest in this case's outcome:

- A.G. – Appellant in *A.G. v. Northbrook Industries, Inc.* (Appeal No. 25-10816)

- Amin, Nalini – Joint Owner of Naseeb Investments, Inc.

- Amin, Vic – Joint Owner of Naseeb Investments, Inc.

- Andersen, Tate & Carr, P.C. – Law firm representing A.G. & G.W.

- Atkins, Sabrina Lynn – Counsel for Naseeb Investments, Inc.

- Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. – Counsel for Movant Choice Hotels International Inc.

- Beranek, Lori M. – Counsel for Movants U.S. Attorney's Office and Federal Bureau of Investigation

- Bondurant, Mixson & Elmore LLP – Counsel for C.B.

- Bouchard, David – Counsel for A.G. & G.W.

- Boulee, J.P. – United States District Court Judge

- C.B. – Appellant

- Cartiga Consumer Funding, LLC – Funding for C.B.

- Choice Hotels International, Inc. – Movant in District Court

- Colette, Hervey Joseph – Counsel for Movant View Point Health

- Clopton, Andrew – Counsel for International Franchise Association

- Cooper, Belle-Anne – Counsel for C.B.

- Ekpo, Oto – Counsel for A.G. & G.W.

- Federal Bureau of Investigation – Movant in District Court

- Finch McCranie, LLP – Law firm representing A.G. & G.W.

- Fine, Julie – Counsel for International Franchise Association

- Fireman's Fund – Insurer for Northbrook Industries, Inc.

- Freeman Mathis & Gary, LLP – Counsel for Movant View Point Health

- G.W. – Appellant in *G.W. v. Northbrook Industries, Inc.* (Appeal No. 25-10829)

- Galloway, Sara – Counsel for Northbrook Industries, Inc.

- Gilmore, Tracy Anne – Counsel for Naseeb Investments, Inc.

- Greenaway, Amber – Counsel for C.B.

- Harris, Roger E. – Counsel for Naseeb Investments, Inc.

- International Franchise Association

- Jones Day – Law firm for International Franchise Association

- Knisely, Gabriel – Counsel for A.G. & G.W.

- Lee, Christopher Sue – Counsel for Movant View Point Health

- Lewis Brisbois Bisgaard Smith, LLP – Law firm representing Northbrook Industries, Inc.

- McDonough, Patrick – Counsel for A.G. & G.W.

- Mobley, Cameron – Counsel for Northbrook Industries, Inc.

- Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a EconoLodge – Appellee

- Northbrook Industries, Inc. – Appellee in A.G. v. Northbrook Industries, Inc. and G.W. v. Northbrook Industries, Inc.

- Patel, Atul – Joint Owner of Naseeb Investments, Inc.

- Patel, George – Joint Owner of Naseeb Investments, Inc.

- Ramachandrappa, Naveen – Counsel for C.B.

- Stoddard, Matthew – Counsel for C.B.

- Swift, Currie, McGhee & Hiers, LLP – Counsel for Naseeb Investments, Inc.

- The Stoddard Firm – Counsel for C.B.

- Tonge, Jonathan – Counsel for A.G. & G.W.

- Totenberg, Amy – United States District Court Judge

- Tropper, Joshua – Counsel for Movant Choice Hotels International Inc.

- Turner, Sara Marie – Counsel for Movant Choice Hotels International Inc.

- United States Attorney's Office – Movant in District Court

- View Point Health – Movant in District Court

- Wagner, Kori – Counsel for Naseeb Investments, Inc.

- Ward, Alice – Counsel for Northbrook Industries, Inc.

- Weeks, Rory – Counsel for A.G. & G.W.

- WLG Atlanta, LLC – Counsel for C.B.

- Zabresky, Janelle – Counsel for C.B.

Choice Hotels International, Inc. (CCH) is a publicly traded company that may have an interest in the outcome of this case or appeal.

## MOTION FOR LEAVE TO FILE OUT-OF-TIME BRIEF OF AMICI CURIAE A.G. AND G.W. IN SUPPORT OF C.B.

Proposed amici curiae, A.G. and G.W., are sex-trafficking survivors. They sued a hotel at which they were sold for sex as children under the civil-liability provision of the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a).

A.G. and G.W., like several other survivors (including C.B.) seeking to hold those who benefited from their sex trafficking civilly responsible, have appeals before this Court about the meaning of the TVPRA's civil-beneficiary provision.[1] The statute's correct interpretation is thus of paramount importance—not only to A.G. and G.W. but also to far too many other survivors in this Circuit, regardless of whether their cases are on appeal, before a district court, or yet to be filed. The stakes are sky-high.

Statutory interpretation is a fundamental judicial function. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 384–85 (2024). When called on to decide a statute's meaning, the "solemn duty" of Article III

---

[1] *A.G. v. Northbrook Indus., Inc.*, No. 25-10816 (11th Cir. docketed Mar. 8, 2025); *G.W. v. Northbrook Indus., Inc.*, No. 25-10829 (11th Cir. docketed Mar. 8, 2025); *see also C.B.* (No. 24-13294); *Jane Doe v. G6 Hospitality, LLC* (No. 25-11345); *Hare Krishna Savannah Hotel, LLC v. Jane Doe* (No. 25-90009).

courts in our constitutional system is "to interpret the act of Congress, in order to ascertain the rights of the parties." *Id.* at 385 (citation modified). In doing so, the role of Article III courts "is to get it right, not to choose which side's argument is better and adopt it lock, stock, and barrel." *United States v. Undetermined Quantities of All Articles of Finished & In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019). Or said a little differently but no less clearly: "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991).[2]

Here, there is a live case or controversy before the Court. The outcome of this appeal (like many others) depends on *both* the correct interpretation of the TVPRA's civil-beneficiary provision *and* the proper application of that interpretation to TVPRA civil actions in which the

---

[2] *See also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017) (Despite the parties' agreement about the applicable law, the Court has "a responsibility to interpret the law correctly." And where a live case or controversy exists, the Court "must interpret the statute that governs this appeal and apply it to the parties.").

2

defendant is not alleged to be in a venture with the victim's traffickers. Indeed, the district court here went so far as to say that "[t]he Circuit's more comprehensive revisiting of the statute would be helpful to the district courts handling these difficult issues." Doc. 164 at 3 n.4. Quite so.

Proposed amici curiae's purpose in seeking leave to file a brief is to put before the Court what, in their estimation, is the correct interpretation of the TVPRA civil-beneficiary provision. That's why the argument in their proposed brief, attached as Exhibit A, primarily focuses on the statute's meaning. *See* Ex. A at 5–24.[3] After that statutory-interpretation argument based on first principles, proposed amici curiae argue two more points. *First*, the TVPRA civil-beneficiary provision's meaning remains

---

[3] In the end, A.G. and G.W. conclude that the correct interpretation of § 1595(a)'s civil-beneficiary provision requires a "victim" of a chapter 77 violation to plead and later prove that the defendant

(1) voluntarily and intentionally received some value,

(2) from taking part in a common undertaking or enterprise involving risk and potential profit;

(3) that undertaking or enterprise did an act that violated chapter 77, including the TVPRA; and

(4) the defendant had actual or constructive knowledge that the undertaking or enterprise did an act that violated chapter 77, including the TVPRA.

3

largely an open question despite the Court's decision in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). That's because except for the interpretation of element two ("participation in a venture"), *Red Roof*'s interpretations of elements one, three, and four are dicta. But that's good news because those interpretations are wrong and should not be followed. Ex. A at 24–26. *Second*, proposed amici curiae argue that *Red Roof*'s interpretation of "participation in a venture"—"t[aking] part in a common undertaking or enterprise involving risk and potential profit," 21 F.4th at 725—means what it says. And to satisfy this element, a sex-trafficking victim (or any victim of a violation of chapter 77 in title 18) need not adduce evidence that the defendant was involved in a venture with the victim's traffickers. Ex. A at 27–29.

    To be clear, proposed amici curiae don't seek leave to file a brief to simply say they agree with C.B.—though they do. They seek leave to put squarely before the Court a fulsome and in some ways novel argument for the correct interpretation of the TVPRA's civil-beneficiary provision. In short, proposed amici curiae intend their brief to do what friends should do for one another: clear the path to understanding.

    At the same time, proposed amici curiae admit that their request

4

for leave is untimely. And under the Federal Rule of Appellate Procedure 29(a)(6) and this Circuit's Rule 29-3, this means that their request faces (perhaps more than) an uphill battle. *See Kinsale Ins. Co. v. Pride of St. Lucie Lodge 1189, Inc.*, 135 F.4th 961, 976 n.4 (11th Cir. 2025) (denying untimely motion for leave to file amicus curiae brief that didn't acknowledge its tardiness given Rule 29(a)(6)'s mandatory language on filing deadline where no attempt to show "good cause" to extend deadline was shown).

But there is a pathway. This Court can extend proposed amici curiae's time to file a brief "for good cause." Fed. R. App. P. 26(b). What constitutes "good cause" is left to the Court's sound discretion. And the exercise of that discretion is especially appropriate where no prejudice will result. *Hutchinson v. Pfeil*, 211 F.3d 515, 517 n.1 (10th Cir. 2000). That is the case here.

Section 1595(a)'s civil-beneficiary provision means what it means—and always has. *Cf. United States v. Lee*, 29 F.4th 665, 674 (11th Cir. 2022) ("[A] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." (citation modified)). And the Court has

5

to ascertain the statute's correct meaning regardless of whether any party, amicus curiae, or anyone else presents it. To fulfill its "solemn duty" of statutory interpretation, the Court is well within its discretion to hear from anyone (and everyone) who can provide meaningful insight. Proposed amici curiae believe that they do precisely in their brief.

Perhaps unsurprisingly, C.B. doesn't oppose the filing of proposed amici curiae's brief, but Naseeb Investments, Inc. does oppose it.

But if proposed amici curiae are allowed to file their brief, Naseeb Investments will suffer no serious prejudice. This is so for at least two reasons. *First*, the Court has yet to decide if this case will be set for oral argument (it should be!), so there's time for the Court to grant Naseeb Investments a chance to respond to proposed amici curiae's arguments.

*Second*, proposed amici curiae raise questions not answered in the parties' briefs or the district court's summary-judgment order: what role does proximate cause play and how is it satisfied in TVPRA civil actions? *See* Ex. A at 22–24 (arguing that the Court needs to answer these questions given the presumption that "proximate cause," a venerated principle of general tort law, applies when Congress creates a tort action). In proposed amici curiae's view, any interpretation of the TVPRA's civil-

6

beneficiary provision that doesn't answer these questions is incomplete. For this reason, proposed amici curiae believe that the Court should order supplemental briefing on this issue. Should the Court agree, then there will be more than enough time for Naseeb Investments to respond to proposed amici curiae's arguments.

## CONCLUSION

A.G. and G.W. urge this Court to exercise its broad discretion and find "good cause" to permit them to file the attached amici curiae brief.

Respectfully submitted on July 30, 2025.

|  |  |
|---|---|
| David H. Bouchard | */s/ Rory A. Weeks* |
| Oto U. Ekpo | Patrick J. McDonough |
| FINCH MCCRANIE LLP | Jonathan S. Tonge |
| 229 Peachtree St. NE, Suite 2500 | Rory A. Weeks |
| Atlanta, GA 30303 | ANDERSEN, TATE & CARR, P.C. |
| (404) 658-9070 | 1960 Satellite Blvd., Suite 4000 |
|  | Duluth, GA 30097 |
|  | (770) 822-0900 |

# CERTIFICATE OF COMPLIANCE

This brief complies with the world limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 1,397 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

*/s/ Rory A. Weeks*
Rory A. Weeks