**No. 24-13294-C**

---

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

_____

C.B.,
*Appellant-Plaintiff,*

v.

NASEEB INVESTMENTS, INC.,
*Appellee-Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
Case No. 1:20-cv-04213-AT

_____

**PETITION FOR REHEARING *EN BANC*
OF APPELLEE NASSEEB INVESTMENTS, INC.**

_____

Kori Wagner
Tracy Anne Gilmore
SWIFT, CURRIE,
MCGHEE & HIERS, LLP
1420 Peachtree Street NE,
Suite 800
Atlanta, GA 30309
T: (404) 888-6191
kori.wagner@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

Laurie Webb Daniel
Jonathan Bradley Spital
WEBB DANIEL
FRIEDLANDER LLP
75 14th Street NE
Suite 2450
Atlanta, GA 30309
T: (404) 795-5088
laurie.daniel@webbdaniel.law
jonathan.spital@webbdaniel.law

*Counsel for Appellee-Defendant Naseeb Investments, Inc.*

*C.B. v. Naseeb Investments, Inc.,* Case No. 24-13294

**<u>Certificate of Interested Persons & Corporate Disclosure Statement</u>**

In accordance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, counsel for Appellee-Defendant Naseeb Investments, Inc. certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations (including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party) that have an interest in the outcome of this particular case or appeal:

- A.G. (Appellant *in A.G. v. Northbrook Industries, Inc.,* Appeal No. 25-10816)

- Amin, Nalini (Joint Owner of Defendant Naseeb Investments)

- Amin, Vic (Joint Owner of Defendant Naseeb Investments)

- Andersen, Tate & Carr, P.C. (Counsel for A.G. & G.W.)

- Atkins, Sabrina Lynn (Counsel for Defendant-Appellee)

- Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. (Counsel for Movant Choice Hotels International Inc.)

- Beranek, Lori M. (Counsel for Movants U.S. Attorney's Office and FBI)

- Bondurant, Mixson & Elmore LLP (Counsel for Plaintiff-Appellant)

- Bouchard, David (Counsel for A.G. & G.W.)

- Boulee, J.P. (United States District Court Judge)

C-1 of 5

*C.B. v. Naseeb Investments, Inc.,* Case No. 24-13294

- Cartiga Consumer Funding, LLC (Litigation Funding) C.B. (Plaintiff-Appellant)

- C.B. (Appellant)

- Choice Hotels International, Inc. (Movant in District Court)

- Clopton, Andrew (Counsel for International Franchise Association)

- Colette, Hervey Joseph (Counsel for Movant View Point Health)

- Cooper, Belle-Anne (Counsel for Plaintiff-Appellant)

- Ekpo, Oto (Counsel for A.G. & G.W.)

- Federal Bureau of Investigation (Movant in District Court)

- Finch McCranie, LLP (Counsel for A.G. & G.W.)

- Fine, Julie (Counsel for International Franchise Association)

- Fireman's Fund (Insurer for Northbrook Industries, Inc.)

- Freeman Mathis & Gary, LLP (Counsel for Movant View Point Health)

- Gilmore, Tracy Anne (Counsel for Defendant-Appellee)

- G.W. (Appellant in *G.W. v. Northbrook Industries, Inc.,* Appeal No. 25-10829)

- Galloway, Sara (Counsel for Northbrook Industries, Inc.)

- Gilmore, Tracy Anne (Counsel for Defendant-Appellee)

- Greenaway, Amber (Counsel for Plaintiff-Appellant)

- Harris, Roger E. (Counsel for Defendant-Appellee)

- International Franchise Association (Amicus)

- Jones Day (Counsel for International Franchise Association)

- Knisely, Gabriel (Counsel for A.G. & G.W.)

- Lee, Christopher Sue (Counsel for Movant View Point Health)

C-2 of 5

*C.B. v. Naseeb Investments, Inc.,* Case No. 24-13294

- Lewis Brisbois Bisgaard Smith, LLP (Counsel for Northbrook Industries, Inc.)

- McDonough, Patrick (Counsel for A.G. & G.W.)

- Merrill, Marissa (Counsel for Defendant-Appellee)

- Mobley, Cameron (Counsel for Northbrook Industries, Inc.)

- Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge (Defendant-Appellee)

- Northbrook Industries, Inc. (Appellee in AG. *v. Northbrook Industries, Inc. and G.W. v. Northbrook Industries, Inc.*)

- Patel, Atul (Joint Owner of Defendant Naseeb Investments)

- Patel, George (Joint Owner of Defendant Naseeb Investments)

- Ramachandrappa, Naveen (Counsel for Plaintiff-Appellant)

- Spital, Jonathan (Counsel for Defendant-Appellee)

- Stoddard, Matthew (Counsel for Plaintiff-Appellant)

- Swift, Currie, McGhee & Hiers, LLP (Counsel for Defendant-Appellee)

- The Stoddard Firm (Counsel for Plaintiff-Appellant)

- Tonge, Jonathan (Counsel for A.G. & G.W.)

- Totenberg, Hon., Amy (District Court Judge, N.D. Ga.)

- Tropper, Joshua (Counsel for Movant Choice Hotels International Inc.)

- Turner, Sara Marie (Counsel for Movant Choice Hotels International Inc.)

- United States Attorney's Office (Movant in District Court)

- View Point Health (Movant in District Court)

- Wagner, Kori (Counsel for Defendant-Appellee)

*C.B. v. Naseeb Investments, Inc.,* Case No. 24-13294

- Ward, Alice (Counsel for Northbrook Industries, Inc.)

- Webb Daniel, Laurie (Counsel for Defendant-Appellee)

- Webb Daniel Friedlander LLP (Counsel for Defendant-Appellee)

- Weeks, Rory (Counsel for A.G. & G.W.)

- WLG Atlanta, LLC (Counsel for Plaintiff-Appellant)

- Zabresky, Janelle (Counsel for Plaintiff-Appellant)


Counsel for Appellee Naseeb Investments, Inc. further certifies that

Choice Hotels International, Inc. (CHH) is a publicly traded company that has

an interest in the outcome of this case or appeal.

Submitted this May 20, 2026.

*/s/ Laurie Webb Daniel*
Laurie Webb Daniel
Jonathan Bradley Spital
WEBB DANIEL FRIEDLANDER LLP
75 14th Street NE
Suite 2450
Atlanta, GA 30309
(404) 433-6430
laurie.daniel@webbdaniel.law
Jonathan.spital@webbdaniel.law

Kori Wagner
Tracy Ann Gilmore
SWIFT, CURRIE,
MCGHEE & HIERS, LLP
1420 Peachtree Street NE
Suite 800
Atlanta, GA 30309
(404) 874-8800
kori.wagner@swiftcurrie.com

C-4 of 5

*C.B. v. Naseeb Investments, Inc.,* Case No. 24-13294

tracy.gilmore@swiftcurrie.com

*Attorneys for Appellee-Defendant*

## <u>STATEMENT OF COUNSEL REGARDING EN BANC REVIEW</u>

I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following precedents of this circuit and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court:

1. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)

2. *Bridges. v. Poe*, 155 F.4th 1302, 1320 (11th Cir. 2025).

The panel decision is also contrary to the Court's unpublished opinion in *K. H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024).

I express a belief, based on a reasoned and studied professional judgment, that this appeal also involves the following question of exceptional importance: Whether, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), the fourth element of a civil beneficiary claim requires proof that the defendant had constructive or actual knowledge that the alleged undertaking or enterprise violated the TVPRA *as to the plaintiff*?

/s/ *Laurie Webb Daniel*
Laurie Webb Daniel
ATTORNEY OF RECORD FOR
*Appellee-Defendant Naseeb Investments, Inc.*

i of iii

# TABLE OF CONTENTS

STATEMENT OF COUNSEL REGARDING EN BANC REVIEW ...................... i

TABLE OF CONTENTS.................................................................................. ii

TABLE OF CITATIONS............................................................................... iii

STATEMENT OF THE ISSUES MERITING EN BANC CONSIDERATION......1

INTRODUCTION ........................................................................................2

COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ...................3

    Factual background.......................................................................3

    The District Court Order................................................................5

    The Panel Opinion ......................................................................8

ARGUMENT AND CITATIONS OF AUTHORITY ...........................................12

    I.    En banc review is needed because the panel overruled this Court's binding precedent requiring that the defendant had knowledge that the venture violated the TVPRA as to the plaintiff.......................................................12

    II.   Given the rise of TVPRA lawsuits, it is critical that the Court clearly establish the elements of a civil beneficiary claim...................................14

CONCLUSION...........................................................................................16

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257 (11th Cir. 2026) .................. passim

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*,
515 F.3d 1150 (11th Cir. 2008) .................................................................... 13, 14

*Bridges v. Poe*, 155 F.4th 1302 (11th Cir. 2025) ............................................ passim

*Cargill v. Turpin*, 120 F.3d 1366 (11th Cir. 1997) .................................................. 14

*Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024) .......................................... 9, 10

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) ......................... passim

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) ............................. 11, 15

*K. H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024) ........................ 1, 2, 12

*Minor v. Dugger*, 864 F.2d 124 (11th Cir. 1989) .................................................. 14

*United States v. Woodard,* 938 F.2d 1255 (11th Cir. 1991) ................................... 14

**Statutes**

18 U.S.C. § 1591 ....................................................................................... 6, 11, 15

18 U.S.C. § 1595 ............................................................................................ passim

18 U.S.C. § 1589 ....................................................................................................6

## <u>STATEMENT OF THE ISSUES MERITING EN BANC CONSIDERATION</u>

I.    Whether the panel's ruling that § 1595(a) does not impose a victim-specific knowledge requirement is contrary to this Court's precedent in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), *Bridges. v. Poe*, 155 F.4th 1302, 1320 (11th Cir. 2025), and *K. H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024) (unpublished opinion) because that line of precedent held that "the defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA ***as to the plaintiff***." *Red Roof*, 21 F.4th at 725 (emphasis added).

II.    Whether *en banc* review is needed because this appeal involves questions of exceptional importance regarding the elements of a civil beneficiary claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), including whether the fourth element of a civil beneficiary claim requires proof that the defendant had constructive or actual knowledge that the alleged undertaking or enterprise violated the TVPRA ***as to the plaintiff***.

## <u>INTRODUCTION</u>

*En banc* review is needed to resolve an irreconcilable conflict between at least two published opinions of this Court. In *Bridges*, the Court reiterated its earlier holding in *Red Roof* that a plaintiff asserting a civil beneficiary claim must prove four elements, including that the "undertaking or enterprise violated the TVPRA *as to the plaintiff*." 155 F.4th at 1320 (emphasis added), quoting *Red Roof*, 21 F.4th at 726. *Bridges* then relied on the victim-specific knowledge requirement to find that the defendant City was entitled to summary judgment because, *inter alia*, "[t]here is zero evidence that the City . . . had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff[s]." (quotations omitted). This was also the understanding of Circuit precedent expressed by the panel in *Riti*, 2024 WL 505063, at *2 (quoting *Red Roof's* statement of the elements of a TVPRA claim, including the victim-specific knowledge requirement). Nine judges in this Circuit have thus expressed the view that the fourth element of a TVPRA claim requires victim-specific knowledge. *See Bridges*, 155 F.4th 1307 (Grant, J., Abudu, J., and Ed Carnes, J.) (Abudu dissenting in part on other grounds); *Red Roof*, 21 F.4th 714 (Brasher J., Jordan, J., and Anderson, J.); *Riti*, 2024 WL 505063 (Wilson, J., Branch, J. and Luck, J.)

Here, however, the panel disregarded this same victim-specific knowledge requirement as "non-binding dicta." *A.G. v. Northbrook Indus., Inc.*, 171 F.4th

1257, 1270 (11th Cir. 2026) (Pryor, C.J., Abudu, J., and Conway, J.). Because these two lines of precedent cannot be reconciled, *en banc* review is needed to secure and maintain uniformity of decisions in this court.  *En banc* review is further warranted because, as the District Court noted, this case is but "one of a growing number of lawsuits. . . involving claims that arise from sex trafficking at a hotel." Doc. 164 at 1.[1]  Clearly establishing the elements of a civil beneficiary claim is thus of exceptional importance not just to the parties in this case, but to future litigants as well.

<u>**COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE**</u>

**Factual background**

Plaintiff, "C.B.," alleges that on a single occasion, Timothy Chappell forced her to engage in sexual activity with four "Johns" at the Hilltop Inn ("HillTop"), which was owned and operated by Naseeb Investments, Inc. ("Naseeb").  Doc. 13 (Am. Compl.), ¶¶ 14, 34. Chappell, who is a registered sex offender, checked into Hilltop in April of 2010. *Id.* ¶ 19.  Chappell then lured C.B. to HillTop with the false promise of a free room for rent.  *See id.* ¶¶ 21-26.

---

[1]  Pursuant to 11th Cir. R. 28-5, the record references in this brief refer to the page number that appears in the header generated by the district court's electronic filing system. For those deposition transcripts whose original pagination does not match the district court's CM/ECF pagination, Naseeb has provided both the CM/ECF pagination and, in parentheses, a pin cite to the original pagination.

Prior to C.B.'s arrival at Hilltop, Chappell went to the front desk and rented a second room next to his. *Id.* ¶¶ 24-25. There was no suggestion that Chappell had *ever* engaged in sex trafficking at HillTop or elsewhere prior to renting the second room. Moreover, other than the 36-hour period Chappell was alleged to have trafficked C.B., Plaintiff could point only to a few other unrelated instances of sex-trafficking at HillTop, along with generalized evidence of prostitution. *See* Case No. 24-13294-C Doc. 24 at 23-30. Again, though, there was no evidence, or even allegation, that Chappell had previously engaged in any type of sex trafficking, much less that he had previously engaged in any sex trafficking venture at Hilltop.

Chappell did not inform anyone at Hilltop of his intended use of the room, or who would be staying in the second room. *See* Doc. 144 (Amin Dep.) at 88-89 (87:4-88:13). After Chappell arranged for C.B. to be brought to HillTop by an unknown man, Chappell met her in the parking lot and they immediately went upstairs to the room. Doc. 123 (C.B. Dep.), 48:21-49:10, 50:3-5. Because Chappell had already checked-in, there was no need for C.B. to get a key from the front desk and she never entered the lobby. *See id.* at 70:22-71:2.

Approximately 24 hours after arriving at Hilltop, C.B. asked one of the "Johns" for help, and he returned later that night to take her home. *Id.* at 63:3-

64:10, 73:15-25; Doc. 13 (Am. Compl.) ¶ 43. Chappell was subsequently arrested and pled guilty to trafficking C.B. *See* Doc. 120-10 (Chappell's Guilty Plea).

While C.B. was at Hilltop she did not speak with any hotel employees. Doc. 123 (C.B. Dep), 173:17-24. The only potential interaction C.B. recalled was a "few seconds" of eye contact with an unidentified woman she believed to be in housekeeping, though it is undisputed that housekeeping never entered C.B.'s room. *Id.* at 72:6-73:10.

During C.B.'s stay at Hilltop, she did not come and go from her motel room for any reason. *Id.* at 71:3-13, 179:7-9. In fact, the only times C.B. was outside of her room were when she arrived at Hilltop, the few moments while she held her motel room door open for a "John," and when she left the hotel approximately 36 hours later. *Id.* at 71:10-18, 175:1-21.

## The District Court Order

C.B. filed suit against Naseeb in the Northern District of Georgia under the civil beneficiary provisions of the TVPRA, and Naseeb moved for summary judgment. Doc. 13 (Am. Compl.), ¶¶ 91-110; Doc. 116. As Naseeb explained in its motion, the TVPRA provides victims of sex trafficking and forced labor with a civil cause of action against both the perpetrator and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in *an act in violation of this*

*chapter*." 18 U.S.C. § 1595(a) (emphasis added). In turn, "an act in violation of this chapter" is defined—in both of the statutory sections pled by C.B.—in terms of knowledge relating to the specific person who claims to have been trafficked. *See* 18 U.S.C. §§ 1589 and 1591.  Specifically, §1591 provides:

> (a) Whoever knowingly—
>
>> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>>
>> **(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1) *knowing, or . . . in reckless disregard of the fact*, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause *the person* to engage in a commercial sex act, or that *the person* has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (emphasis added).  Section 1595(a), the TVPRA's civil remedy provision, in turn, provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys['] fees.

18 U.S.C. § 1595(a).

The District Court granted summary judgment to Naseeb. Doc. 164. The District Court applied the four-part test for alleging a civil beneficiary claim established by this Court in *Red Roof*, which required a plaintiff to "plausibly allege that the defendant: (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA *as to the plaintiff*, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*." *Id.* at 24-25 (quoting *Red Roof*, 21 F.4th at 726) (emphasis added).

The District Court held that C.B. could not establish the second element of her civil beneficiary claim because merely renting a second room to Chappell, even knowing his status as a sex offender, did not mean that Naseeb had entered into a common undertaking with him. *Id.* at 39. While the District Court considered evidence that Naseeb may have turned a "blind eye" to conduct that should have raised "red flags," it found this insufficient to support a civil beneficiary claim in the absence of any evidence that Naseeb "took any action to support or facilitate Chappell's specific activities, beyond allowing him to purchase the room rental." *Id.* at 39-40.

The District Court also found that C.B. could not establish the fourth element of her claim because there was "no evidence of a direct association

between Naseeb and Chappell that would establish its actual knowledge of Chappell's trafficking of C.B." *Id.* at 42. The District Court noted that Naseeb's knowledge of *prior* instances of prostitution or trafficking would be insufficient to establish liability, as Eleventh Circuit precedent "require[s] actual or constructive knowledge *as to the trafficking of the individual plaintiff*, plus some degree of acceptance or welcome of that trafficking." *Id.* at 46. The District Court thus concluded that there was no issue of fact "as to whether Defendant knew or should have known that Plaintiff was being trafficked" because, even construing all of the evidence in the light most favorable to her, there was nothing "indicat[ing] that Defendant knew or should have known that Plaintiff was being trafficked in this short timeframe." *Id.* at 46-48.

## The Panel Opinion

On March 30, 2026, the Court issued a published opinion in this appeal, which was consolidated with another TVPRA case in which summary judgment had also been granted in favor of a hotel operator. *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257 (11th Cir. 2026). Like the District Court, the panel began by citing *Red Roof's* statement of the elements of a TVPRA beneficiary claim. *See id.* at 1268. However, the panel purported to "clarify the second and fourth elements of a beneficiary claim, 'participation in a venture' and knowledge." *Id.* at 1267.

***Participation in a venture.*** The panel recognized that "[t]he 'participation in a venture' element of a beneficiary claim is defined by the holding of *Red Roof*, which is binding precedent in this Circuit." *Id.* at 1268. And under *Red Roof*, "participation in a venture" requires a showing that a defendant "took part in a common undertaking or enterprise involving risk and potential profit." *Id.*, quoting *Red Roof*, 21 F.4th at 725. While some circuits have defined "participation in a venture" differently, *Red Roof*'s definition "dictates that 'observing something is not the same as participating in it." *Id.*, quoting *Red Roof*, 21 F.4th at 727. In other words, "[t]o be liable under § 1595, defendants must take part in a common enterprise to the extent that they share legal risks and potential profits with traffickers." *Id.*, quoting *Red Roof*, 21 F.4th at 725. Applying this binding precedent, the panel held that "[m]erely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking does not constitute 'participation in a venture,'" *id.* at 1269, because "something more than engaging in an ordinary buyer-seller transaction is required." *Id.*, quoting *Doe 1 v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024).

The panel also rejected Naseeb's argument that the alleged 'venture' in a beneficiary claim must be a 'sex trafficking venture.'" *Id.* at 1269-70. Analyzing the text of Section 1595(a), the panel held that while a venture must "engage in an

act in violation" of the TVPRA, "that requirement does not dictate that the venture must primarily be a sex trafficking venture." *Id.*

Turning to the facts of this case, the panel found it insufficient that there were "policies in place to facilitate sex trafficking," including placing sex offenders in the same area of the hotel, "because it does not show personal support of *Chappell's* sex trafficking operation." *Id.* at 1272 (emphasis in original). However, the panel found that evidence "Naseeb applied those policies to Chappell to enable his sex trafficking operation" could establish participation in a venture because it was "something more" then merely renting a room to a sex trafficker. *Id.*; *see also id.* at 1274 ("a jury could reasonably infer that Naseeb provided personal support to Chappell's sex trafficking operation by applying its room placement and cleaning policies to Chappell, which is sufficient to establish 'participation in a venture.'"). But the Panel's analysis failed to consider that while Chappell was a registered sex offender, there was no evidence that he had ever previously engaged in sex trafficking. The panel also improperly conflated sex-trafficking and prostitution, which is not in and of itself a violation of the TVPRA. *Id.* at 1272 (finding that a jury could infer that HillTop's room assignment system was intended "to protect sex offenders engaging in prostitution or sex trafficking.").

***Knowledge.*** While the panel recognized that *Red Roof* had already defined the knowledge element as "constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff," it cast aside *Red Roof's* definition of knowledge as "non-binding dicta." *Id.* at 1270. The panel reasoned that "because *Red Roof* affirmed dismissal of the Does' beneficiary claims by determining that the Does failed to allege 'participation in a venture'" *Red Roof's* discussion of the knowledge element was not part of the holding. *See id.*

The panel then conducted a *de novo* analysis and concluded that "[t]he plain language of § 1595(a) does not support *Red Roof's* requirement that a victim asserting a beneficiary claim must prove a defendant's knowledge that the common enterprise engaged in a TVPRA violation *as to the victim*." *Id.* at 1270 (emphasis in original). Instead, the panel held that "Section 1595's knowledge element requires constructive or actual knowledge that the undertaking or enterprise violated the TVPRA, nothing more." *Id.* In reaching this determination, the panel expressly declined to follow the textual analysis set forth by the Seventh Circuit dissent in *G.G. v. Salesforce.com, Inc.*, which reasoned that "because § 1595 requires constructive knowledge of a § 1591 violation and a § 1591 violation requires knowledge of a specific victim, damages suits are available only when a plaintiff plausibly alleges that the defendant should have known that the venture engaged in her particular sex trafficking." *Id.* at 1270, quoting 76 F.4th 544, 569 (7th Cir.

2023) (Kirsch, J., dissenting).  In other words, the panel diverged from the earlier definition of the knowledge element specified in *Red Roof*, *Bridges*, and *Riti*, and instead held that there is no requirement "that beneficiaries must know the identity of the trafficking victim." *Id.*

Applying this new definition of knowledge, the panel found that Naseeb had constructive knowledge that Chappell was engaged in sex trafficking based on, *inter alia*, evidence suggesting that Chappell, who was a registered sex offender, rented a second room next door to his by the night, requested that housekeeping not clean his room, and had multiple men going in and out of C.B.'s room throughout the day.  *Id.* at 1273; *see also id.* at 1274 (finding that a jury could "reasonably infer that Naseeb had constructive knowledge that Chappell was using his second room to engage in sex trafficking, which is sufficient to establish knowledge").

This petition follows.

## <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

**I.    En banc review is needed because the panel overruled this Court's binding precedent requiring that the defendant had knowledge that the venture violated the TVPRA as to the plaintiff.**

As set forth in Naseeb's appellee brief, the District Court correctly regarded *Red Roof's* four-part test for assessing a civil beneficiary claim as binding precedent, which was controlling on this panel.  *See* Case No. 24-13294-C Doc. 33

(Brief of Appellee-Defendant) at 48-49. But even assuming *arguendo* that *Red Roof's* definition of the knowledge requirement was "non-binding dicta" in that case, it became binding precedent when this Court relied on it to affirm the grant of summary judgment to the defendant in *Bridges. v. Poe*, 155 F.4th 1302, 1320 (11th Cir. 2025). In *Bridges*, inmates who claimed that they had been sexually abused at the Jasper City Jail brought TVPRA claims against the jail administrators and the City, but not against the jailer who primarily abused them. *Id.* at 1307, 1312. This Court began its analysis by reiterating *Red Roof's* statement of the elements of a civil beneficiary claim, including that "the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Id.* at 1320 (quoting *Red Roof*, 21 F.4th at 726). And the Court made clear that "[a] claim fails unless it satisfies **all** of these elements." *Id.* (emphasis added). Applying the four-part *Red Roof* test, the Court found that the plaintiffs could not satisfy either the first (knowingly benefited) or fourth (victim-specific knowledge) elements. *See id.* at 1320 (holding that the City was entitled to summary judgment because, *inter alia*, "[t]here is zero evidence that the City . . . had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff[s].") (quotations omitted). And it is the well-established law of this Circuit that an alternative holding such as *Bridges'* victim-specific knowledge requirement constitutes "binding precedent." *See Alvarez Perez v.*

13 of 16

*Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008) ("alternative holdings are binding precedent").

Because the plaintiff-specific knowledge requirement imposed by *Bridges* and *Red Roof* was binding and precedential, it should have been controlling here, and the panel lacked authority to overrule it. *See Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("[t]he law of this circuit is emphatic that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision.") (citing *United States v. Woodard,* 938 F.2d 1255, 1258 (11th Cir. 1991)) (quotations omitted); *Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989) (adopting the "absolute rule that a prior decision of the circuit (panel or en banc) could not be overruled by a panel but only by the court sitting en banc."). Accordingly, e*n banc* review is necessary to ensure consistency with this Court's prior precedent.

## II.    Given the rise of TVPRA lawsuits, it is critical that the Court clearly establish the elements of a civil beneficiary claim.

As the District Court noted, this case is but "one of a growing number of lawsuits in this district — and across the nation — involving claims that arise from sex trafficking at a hotel." Doc. 164 at 1.  Indeed, in just the last three years, there are over 100 reported decisions involving 18 U.S.C. § 1595 in the District Courts of the Eleventh Circuit.  Clearly establishing the elements of a civil beneficiary

claim is thus exceptionally important, not just to the parties in the case, but to the many other litigants and courts who will confront these same issues in the future.

As set forth in Naseeb's appellee brief, district courts across the country have reached different conclusions as to whether § 1595(a) requires that the defendant had knowledge of the specific trafficking victim. *See* Case No. 24-13294-C Doc. 33 (Brief of Appellee-Defendant) at 51. Naseeb contends that *Red Roof's* victim-specific knowledge requirement was not only binding, but correct for the same reasons articulated by the dissent in *SalesForce*:

> [Section] 1591's use of the terms "a person" and "the person" is victim-specific, meaning an individual is not guilty of the crime unless the government can prove that his actions were tied to a specific victim. Knowledge of a specific victim (not just general sex trafficking) is an element of § 1591. Thus, because § 1595 requires constructive knowledge of a § 1591 violation and a § 1591 violation requires knowledge of a specific victim, damages suits are available only when a plaintiff plausibly alleges that the defendant should have known that the venture engaged in her particular sex trafficking. See *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). . .

*Salesforce*, 76 F.4th at 568-69 (Kirsch, J., dissenting) (concluding that plaintiffs' claims should have been dismissed because "[w]ithout constructive knowledge of G.G.'s identity and the trafficking offense committed against her . . . the plaintiffs cannot bring a civil § 1595 claim against Salesforce."). But in either case, *en banc* review is necessary to resolve the inconsistency between this panel's decision and

*Bridges*, and to provide clear guidance on an issue that has divided courts around the country.

## **CONCLUSION**

For the foregoing reasons, the Court should grant a rehearing *en banc* to clearly establish the elements for asserting a civil beneficiary claim under the TVPRA.

Respectfully submitted this May 20, 2026.

*/s/ Laurie Webb Daniel*
Laurie Webb Daniel
Jonathan Bradley Spital
WEBB DANIEL FRIEDLANDER LLP
75 14th Street NE
Suite 2450
Atlanta, GA 30309
(404) 433-6430
laurie.daniel@webbdaniel.law
jonathan.spital@webbdaniel.law

Kori Wagner
Tracy Ann Gilmore
SWIFT, CURRIE,
MCGHEE & HIERS, LLP
1420 Peachtree Street NE
Suite 800
Atlanta, GA 30309
(404) 874-8800
kori.wagner@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

*Attorneys for Appellee-Defendant*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 40(d)(3) because it contains 3,666 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 40-4.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

This May 20, 2026.

/s/ *Laurie Webb Daniel*
Laurie Webb Daniel
75 14th Street NE
Suite 2450
Atlanta, GA 30309
T: (404) 433-6430
laurie.daniel@webbdaniel.law

*Counsel for Appellee-Defendant*

Certificate of Compliance Page

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system, which system thereby electronically served the same on the following counsel of record:

Matthew B. Stoddard
Belle-Anne B. Cooper
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
matt@legalhelpha.com
ba@legalhelpga.com

Naveen Ramachandrappa
Amber D. Greenaway
BONDURANT MIXSON & ELMORE LLP
1201 W Peachtree St NW Ste 3900
Atlanta, GA 30309
ramachandrappa@bmelaw.com
greenaway@bmelaw.com

/s/ *Laurie Webb Daniel*
Laurie Webb Daniel

Certificate of Service Page